IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID A. GABALDON,

      Plaintiff,

v.                                         No. 17cv146 JAP/LF

UNITED HEALTH CARE and
UNITED STATES CENTER FOR
MEDICARE & MEDICAID SERVICES,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On February 1, 2017, Plaintiff, acting *pro se*, filed a Complaint, Doc. 1, and an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. ("Application"). The Court will **DISMISS** this case **without prejudice** and **DENY** Plaintiff's Application as moot.

Plaintiff names two Defendants, United Health Care and the United States Center for Medicare & Medicaid Services. This case arises from Plaintiff's trips to a hospital, pharmacies and his primary care physician in January 2017. As best as the Court can tell from the Complaint, the only allegations against Defendant United Health Care are: (i) it did not provide Plaintiff with a ride home from the hospital; and (ii) Plaintiff experienced problems using his United Health Care card to fill prescriptions. The only allegation that might be construed as a claim against Defendant United States Center for Medicare & Medicaid Services is: "Medicaid/Medicare does not cover these type of medication." Complaint at 4.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint

does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). Plaintiff resides in New Mexico. Although he does not specify the citizenship of Defendants, he gave an address for Defendant United Health Care on a street in Albuquerque, New Mexico. Consequently, there is no properly alleged diversity jurisdiction. Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 1, 2017, is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**